**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CADLEROCK, LLC,**<br><br>**Plaintiff/Appellant,**<br><br>    v.<br><br>**JENNIE MARIE BECAS,**<br><br>**Defendant/Appellee.** | 1:07-CV-01013-OWW<br>1:07-CV-01336-OWW<br><br>ORDER CONSOLIDATING ACTIONS<br>AND SCHEDULING ORAL ARGUMENT |

Plaintiff/Appellant Cadlerock, LLC ("Cadlerock") has filed two separate appeals of orders that were entered by the Honorable Whitney Rimel of the United States Bankruptcy Court for the Eastern District of California, in Bankruptcy Case No. 06-11069-A-7, Adversary Proceeding No. 06-1303, pursuant to 28 U.S.C. 158(a)(1)("The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees.")

In Case No. 1:07-cv-01013-OWW, a Notice of Bankruptcy Appeal was filed July 16, 2007, in this Court, by Plaintiff/Appellant, appealing Bankruptcy Court Judgment, filed June 22, 2007 and entered on June 25, 2007 (Docs. 19-20) ("June 22 Order"), entered in favor of Defendant/Debtor Jennie Marie Becas ("Becas") and against Plaintiff/Appellant Cadlerock. Oral argument in this matter has been set for June 16, 2008.

In Case No. 1:07-cv-01336-OWW, a Notice of Bankruptcy Appeal

1

was filed September 13, 2007, in this Court, by Plaintiff/Appellant Cadlerock from the Bankruptcy Court's Order of August 31, 2007, denying Plaintiff/Appellant's motion for an order for extension of time to appeal the June 22 Order ("Aug 31 Order").  No oral argument has been set in this matter.[1]

Because these appeals involve common questions of law and fact, consolidation of the appeals is proper pursuant to Federal Rule of Civil Procedure 42(a), which provides that "when actions involving a common question of law or fact are pending before the court...it may order all actions consolidated."

However, the appeal of the Bankruptcy Court's Aug 31 Order denying Plaintiff/Appellant's motion for order for extension of time to appeal the Bankruptcy Court's June 22 Order will determine if the Court has jurisdiction to hear Plaintiff/Appellant's appeal of the June 22 Order.  Therefore the appeal of the Aug 31 Order must be heard and decided first.  The appeal of the Aug 31 Order concerns whether Plaintiff/Appellant's failure to file a timely appeal on the June 22 Order was the result of excusable neglect after Plaintiff/Appellant failed to timely file its appeal and whether the Bankruptcy Court abused its discretion in denying Plaintiff/Appellant's motion for extension of time to appeal.  *See In re Warrick*, 278 B.R. 182 (9th Cir.2002).  A notice of appeal generally must be filed

---

[1] Plaintiff/Appellant notified the Court on April 9, 2008 that the record was complete and the appeal may be scheduled for oral argument. (1:07-cv-01336-OWW, Doc. 22).  Briefing on the matter has been completed.

**2**

within ten days.[2]  Fed. R. Bankr.P. 8001-02.  The ten-day period is jurisdictional and strictly construed.  "Failure to file within the time limit divests the appellate court of jurisdiction."  *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999), *citing In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986).  While oral argument is currently set for the appeal of the Bankruptcy Court's June 22 Order in Case No. 1:07-cv-01013-OWW, that issue cannot be determined unless the Court has jurisdiction over the issue, which will be decided in the appeal of the Aug 31 Order.  Accordingly, the merits of the appeal will not be addressed at the June 16, 2008 scheduled hearing.  Rather the hearing will only address Plaintiff/Appellant's appeal from the Bankruptcy Court's Aug 31 Order denying Plaintiff/Appellant's motion for an order for extension of time to appeal.

## CONCLUSION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, this Court CONSOLIDATES the bankruptcy appeals pending in Case Nos. 1:07-cv-01013-OWW and 1:07-cv-01336-OWW.  Case No. 1:07-cv-01013-OWW is hereby designated the lead case.  All future pleadings shall be filed in Case No. 1:07-cv-01013-OWW.  Case No. 1:07-cv-01336-OWW shall be administratively closed.

Oral argument set for June 16, 2008, will be heard on the appeal of the Bankruptcy Court's Aug 31 Order denying Plaintiff/Appellant's motion for an order for extension of time

---

[2] "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr.P. 8002(a).

1 **to file a late-appeal.**

2     **Oral argument on the appeal of the Bankruptcy Court's June**
3 **22 Order, currently set for June 16, 2008, is re-scheduled to**
4 **August 4, 2008 at 10:00 a.m.**

6 IT IS SO ORDERED.

7 **Dated:   June 9, 2008**               **/s/ Oliver W. Wanger**
                                                   UNITED STATES DISTRICT JUDGE