UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADLEROCK, LLC, | 1:07-CV-01013-OWW |
| Plaintiff/Appellant, | |
| v. | MEMORANDUM AND DECISION RE: DENYING PLAINTIFF/APPELLANT'S MOTION FOR APPEAL OF THE BANKRUPTCY ORDER DENYING LATE-FILED APPEAL |
| JENNIE MARIE BECAS, | |
| Defendant/Appellee. | |

Plaintiff/Appellant Cadlerock, LLC ("Cadlerock") pursuant to 28 U.S.C. § 158(a)(1) appeals the Bankruptcy Court Order of August 31, 2007 ("Aug 31 Order"), which denied Plaintiff's motion to file a late appeal.  The Aug 31 Order was entered by the Honorable Whitney Rimel of the United States Bankruptcy Court for the Eastern District of California, in Bankruptcy Case No. 06-11069-A-7, Adversary Proceeding No. 06-1303.  *See* Doc. 1, Notice of Appeal, Filed September 13, 2007.  "The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees."[1]  28 U.S.C. § 158(a)(1).

Cadlerock also filed, in this Court, an appeal of the

---

[1] The appeal of the Bankruptcy Order denying Plaintiff/Appellant leave to file a late appeal was previously Case No. 1:07-cv-01336-OWW.  It was consolidated pursuant to Federal Rule of Civil Procedure 42(a), on June 8, 2008.  *See* Court Order Consolidating Actions and Scheduling Oral Argument ("Order to Consolidate"), Doc. 23, filed in Case No. 1:07-cv-01336-OWW.

1

1   Bankruptcy Court Order entered on June 22, 2007 ("June 22 Order")
2   in which judgment was entered in favor of Defendant/Appellee
3   Jennie Marie Becas ("Becas") and against Plaintiff/Appellant
4   Cadlerock, which addresses the merits of the Bankruptcy
5   proceeding.  By order of June 9, 2008, the two appeals were
6   consolidated under Fed. R. Civ. P. 42(a).  Oral argument was set
7   for the appeal of the Aug 31 Order, by which the Bankruptcy Court
8   denied Cadlerock's motion for an extension of time to file a
9   late-appeal of the June 22 Order.  The appeal on the merits,
10  reviewing the June 22 Order, cannot be heard until it is
11  determined if the District Court has jurisdiction to hear the
12  appeal of the June 22 Order.  The Bankruptcy Court denied
13  Plaintiff/Appellant's late-file appeal of the June 22 Order.  *See*
14  Doc. 24, Order to Consolidate.

15                          1.  Background

16       The appeal of the Aug 31 Order asserts the Bankruptcy Court
17  abused its discretion in denying Plaintiff/Appellants' motion to
18  late-file the appeal, finding no showing of excusable neglect by
19  Plaintiff/Appellant.  *See In re Warrick*, 278 B.R. 182, 184 (9th
20  Cir. 2002).  A notice of appeal generally must be filed within
21  ten days.[2]  Fed. R. Bankr. P. 8001-02.  The ten-day period is
22  jurisdictional and strictly construed.  "Failure to file within
23  the time limit divests the appellate court of jurisdiction."
24  *Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999), *citing*
25  *In re Souza*, 795 F.2d 855, 857 (9th Cir. 1986).

26  _____

27       [2] "The notice of appeal shall be filed with the clerk within
    10 days of the date of the entry of the judgment, order, or
28  decree appealed from." Fed. R. Bankr. P. 8002(a).

                              2

1       The Bankruptcy adversary proceeding was initially filed by

2   Cadlerock pursuant to 11 U.S.C. Section 523.  The trial of the

3   adversary proceeding concluded on May 16, 2007.  At the

4   conclusion of the trial, the Bankruptcy Court stated that it

5   would decide the case on the June Calendar.  Defendant/Appellee's

6   counsel advised that he would be gone during the month of June,

7   which prompted the court to state:

8             Alright.  Well, I may do them in writing.  If not,
              we'll put them on the record on the July Bakersfield
9             calendar, which would be July 26th.  And <u>if you get</u>
              <u>them in writing, you'll know</u>; and otherwise we'll
10            advise you about the date they'll be put on the record.
              Thank you.

11  Doc. 17, Excerpts to Appellant's Opening Brief on Appeal of

12  Denial of Motion: Index of Exhibits ("Excerpts"), Exh. B, 5/16

13  Bankr. Hr'g Tr., Bankruptcy Case No. 06-11069-A-7, Adversary

14  Proceeding No. 06-1303 (emphasis added).

15      Two weeks later, on May 31, 2007, the Bankruptcy Court filed

16  its *written* Findings of Fact and Conclusions of Law with the

17  Clerk.  *Id.*, Exh. H, Bankruptcy Court Docket, No. 18.  Counsel

18  for Defendant/Appellee Becas was ordered to prepare a judgment,

19  which was prepared.  Defendant/Appellee Becas put Plaintiff

20  Cadlerock's counsel on notice as of June 20, 2007 by filing the

21  proposed judgment.  The proposed judgment was received by the

22  Bankruptcy Court, corrected, signed by Judge Rimel and filed by

23  the Clerk on June 22, 2007.  It was <u>entered by the Clerk on June</u>

24  <u>25, 2007</u>.  *Id.*, Exh. D, Judgment, and Exh. E, Notice of Entry to

25  Order/Judgment In An Adversary Proceeding ("Notice of Entry of

26  Judgment").

27      <u>On June 28, 2007</u>, three days after the Judgment was entered,

28

                            **3**

Plaintiff Cadlerock's counsel filed an objection to the proposed judgment, bearing a <u>date of service of June 26, 2007</u>. *See Id.*, Exh. H, Bankruptcy Docket, No. 21, Opposition.

Counsel for Cadlerock, James R. Knoles, claims in his declaration that he left on vacation from June 29 through July 4, and did not see the Notice of Entry of Judgment until July 6, 2007 when he returned.  Doc. 17, Excerpts, Exh. C, Decl. Knoles, p. 2:2-4.  A notice of appeal was required to be filed within 10 days, the deadline was July 5, 2007, after Plaintiff/Appellant's counsel returned from vacation.  Fed. R. Bankr. P. 8002(a). Plaintiff's counsel provides no explanation why he filed objections to the proposed judgment on June 28, 2007, three days after the Judgment was entered by the Bankruptcy Clerk (June 25, 2007), he was served with that notice, and failed to check or review the docket to see the filed Judgment.  Plaintiff served its objections to the proposed judgment on June 26, 2007, one day after the Judgment was entered by the Bankruptcy Clerk. Plaintiff's counsel provides no explanation for its oversight in not reviewing the filed and served Judgment of the Bankruptcy Court.  Plaintiff's counsel does not explain the failure to check the docket or to review the filed and served Judgment before he left for vacation or upon his return from his vacation on July 5, 2007.

Plaintiff's counsel claims that upon return from vacation on July 5, 2007, "he had a great deal of back paperwork to go through, and he did not look for or expect to see that a Judgment had been entered long before the Court indicated it would so do ... Mr. Knoles did not come across the notice that the Judgment

**4**

had been entered until late the next day, Friday, June 6." Doc. 16, Appellant's Br., p. 5.  Mr. Knoles was not able to contact his client until Monday, July 9, 2007, regarding whether to appeal the Judgment, and received consent on July 10, 2007.  Mr. Knoles then filed his Notice of Appeal on July 11, 2007, six days late.  Doc. 17, Excerpts, Exhibit C, Notice of Appeal.  Plaintiff Cadlerock argues that just because it had notice of the proposed judgment (i.e. had been served a copy of the proposed judgment by counsel) and filed an objection, that it "had notice that the 'court was going to change its mind' about not deciding until the July docket."

The Bankruptcy Court did not mislead counsel, despite Plaintiff's counsel assertion that the Judgment was to be definitively entered on the July Calendar.  The Bankruptcy Court explictly stated, as to timing and delivery of the decision, that either a written decision would be entered before the July Calendar, or it would be announced orally on the July Calendar. Plaintiff's counsel had sufficient notice that the Judgment would either be entered by written order before the July Calendar, or at the July Calendar hearing.

After receiving notice from the Bankruptcy Court that the appeal was filed late, the appeal was forwarded to the District Court and a case file was opened on July 16, 2007, (Doc. 1, Notice of Appeal, Filed July 16, 2007), Plaintiff/Appellant then filed a motion for an extension of time to file a late-appeal on

July 25, 2007.[3]

Bankruptcy Rule 8002(c) provides that the "bankruptcy judge *may* extend the time for filing the notice of appeal by any party..." Fed. R. Bankr. P. 8002(c)(1)(emphasis added). The time to file a motion to extend the time for filing a notice of appeal is "no later than 20 days after the expiration of the time for filing a notice of appeal..." Fed. R. Bankr. P. 8002(c)(2). Plaintiff filed its Motion/Application to Extend Time to Appeal under Rule 8002(c) within the required twenty days. Such an extension to file a late-appeal under Fed. R. Bankr. P. 8002(c) may be granted on a showing of "excusable neglect." *Id.* The matter was set for hearing on August 29, 2007. At the hearing, the Bankruptcy Court denied Plaintiff/Appellant's motion, finding no excusable neglect, and no basis to extend the time for appeal. A minute order was entered to that effect on August 31, 2007.

## 2.   Standard of Review

On appeal, the question is whether the Bankruptcy Court abused its discretion in denying Plaintiff/Appellant's motion for an extension of time to file a late-appeal. *Matter of Estate of Butler's Tire & Battery Co., Inc.*, 592 F.2d 1028, 1032-33 (9th Cir. 1979). This, then depends on whether the Bankruptcy Court was justified in finding that Plaintiff/Appellant failed to show "excusable neglect" in connection with its failure to file its

---

[3] That the Clerk of the Court accepted Plaintiff Cadlerock's appeal filings is irrelevant. The Clerk of the Court is not charged with the task of determining whether a particular filing is proper or whether a particular court has jurisdiction over a case or appeal.

notice of appeal within the normal 10-day period.  Fed. R. Bankr.
P. 8002(c); *In re Donnell*, 639 F.2d 535, 539 (9th Cir. 1981).

The Supreme Court in *Pioneer Inv. Services Co. v. Brunswick
Associates*, 507 U.S. 380 (1993), analyzed excusable neglect,
expressly adopted in the Ninth Circuit.  *See In re Warrick*, 278
B.R. 182, 185 (9th Cir. 2002).  Whether admitted neglect can be
excused is an equitable determination that incorporates all
relevant factors, including (1) danger of prejudice to the
non-movant; (2) length of delay and its potential impact on
judicial proceedings; (3) the reason for the delay, including
whether it was within the reasonable control of the movant, and
(4) whether the movant acted in good faith.  *Pioneer*, 507 U.S. at
395.  The factors identified in *Pioneer* are non-exclusive, and
"the court is permitted to take 'account of all relevant
circumstances surrounding the party's omission' in making an
equitable determination."  *In re Rebel Rents, Inc.*, 326 B.R. 791,
803 (C.D. Cal. 2005) (citation omitted).[4]

### 3. Analysis

The Bankruptcy Court's decision, issued on the record at the
August 29, 2007 hearing, was followed by a short minute order
denying the motion, filed on August 31, 2007, after the court
conducted an analysis of the four factors in deciding whether

---

[4] *See also Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir.
2004)(In an appeal case on motion brought under Fed. R. Civ. P.
4(a) stated that "we leave the weighing of *Pioneer's* equitable
factors to the discretion of the ... court in every case".)

excusable neglect was present.[5]  The Bankruptcy Court determined that the second and fourth points, are not applicable here because the length of delay was minimal and there was no indication that Plaintiff was not proceeding in good faith.  The first and third factors weighed in favor of the Bankruptcy Court's decision.

   a.   Danger of Prejudice to the Debtor

The Bankruptcy Court evaluated the prejudice to the nonmoving party, Defendant/Appellee Becas.  Becas had litigated a nondischargeability action in which the court found in her favor. The Bankruptcy case was filed in 2006, two years earlier. Further delay of dischargeability of this debt would be prejudicial.  The court found that because of the above, "there is prejudice to the nonmoving party in extending the time to appeal."  8/29 Bankr. Hr'g Tr. 6:17-18.  Today, the delay would be extended to more than two years if the Bankruptcy Court's decision is not affirmed.

The Ninth Circuit recognizes that strict enforcement of the 10-day appeal period under Rule 8002(a) "is justified by the 'peculiar demands of a bankruptcy proceeding,' primarily the need for expedient administration of the [b]ankruptcy estate aided by certain finality of orders issued by the [c]ourt in the course of

---

   [5] "Courts have set forth the standards for a finding of excusable neglect in four parts.  First, is there a danger of prejudice to the nonmoving party; second, what's the length of delay and the impact on the parties; third, what's the reason for delay, was it in the reasonable control of the moving party; and fourth, was the moving party in good faith." 8/29 Bankr. Hr'g Tr. 5:25-6:1-6.

administration." *In re Nucorp Energy, Inc.*, 812 F.2d 582, 584 (9th Cir. 1987), *quoting Matter of Thomas*, 67 B.R. 61, 62 (Bankr.M.D.Fla. 1986).  The abbreviated time constraints for filing a notice of appeal in bankruptcy which are jurisdictional in nature serve to "[assure] prompt appellate review, often important to the administration of a case under the Code." Advisory Committee Note (1983).  The timing also provides a definite point, in the absence of a notice of appeal, that litigation will come to an end.  Here, while the delay in filing the appeal was less than a week, the Bankruptcy Court found that the impact of permitting such an appeal of an adversary proceeding that began in 2006, would run contrary to the policy to provide a definite ending point for the debtor in the bankruptcy proceeding.  The court noted in conclusion:

> the fact that bankruptcy courts are, perhaps, unique in having such a quick and fast time to appeal, ten days, that's not a very long time ... the reason for that there is the prejudice of delay, and in this instance, I don't believe the moving party has met his burden of proof to overcome that.

8/29 Bankr. Hr'g Tr. 7:8-14.

> b.  <u>Length of the Delay and Its Potential Impact on Judicial Proceedings</u>

The delay was six days, which the Bankruptcy Court acknowledged was minimal.  But the Bankruptcy Court viewed the policy of providing finality of the discharge decision to weigh more in favor of denying the late-filed appeal.

> c.  <u>Reason for the Delay, Including Whether It Was Within The Reasonable Control of the Movant</u>

The Bankruptcy Court addressed the third factor and found that this factor was largely determinative of denying the motion

9

to late-file an appeal. This factor concerns the reason for delay and whether it was within the reasonable control of the moving party. The Bankruptcy Court noted that Cadlerock had notice of the proposed judgment, filed an objection to the proposed judgment, and its attorney had reasonable notice that the Judgment was going to be entered quickly. The Bankruptcy Court did not find Mr. Knoles' vacation excuse persuasive because he was on notice when he received the proposed judgment.

It is undisputed that the sole reason for the delay was the negligence and inattention of Plaintiff Cadlerock's counsel. The delay was squarely within his control. Cadlerock's counsel did not miss the appeal deadline due to ill health or disability, a delay in the mail, a miscommunication or failure to communicate with his client, a misguided instruction from a court clerk or judicial officer, or a "dramatic ambiguity" between relevant procedural rules. Cadlerock's counsel, an attorney with many years of experience, failed to pay attention to the plain, unambiguous language of the Bankruptcy Court's ruling and Rule 8002(a).

        d. <u>Whether the Movant Acted in Good Faith</u>

There is no evidence that Mr. Knoles acted with bad faith in filing his motion. The Bankruptcy Court found the motion was brought in good faith.

But shortness in delay for filing a bankruptcy appeal and the existence of good faith do not trump the prejudice of undue delay of the administration of the bankruptcy proceeding, nor the attorney's unjustified failure to understand the Bankruptcy Court's announcement of the timing of the decision, nor the

attorney's obligation to check the docket for the filed decision. While two factors narrowly favor Plaintiff/Appellant Cadlerock (shortness in delay and good faith of Cadlerock), the Bankruptcy Court balanced the totality of the *Pioneer* factors in favor of Defendant/Appellee Becas and found that Cadlerock did not discharge its burden to establish that its failure to timely file a notice of appeal was the result of excusable neglect.

Before reversal is proper under the abuse of discretion standard, the Court must be definitely and firmly convinced that the bankruptcy court committed a clear error of judgment, *AT & T Universal Card Servs. v. Black (In re Black)*, 222 B.R. 896, 899 (9th Cir. BAP 1998), or relied on an incorrect legal standard. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 619 (9th Cir. 1987); *see also In re Warrick*, 278 B.R. 182, 184 (9th Cir. BAP 2002)("A bankruptcy court necessarily abuses its discretion if it bases its decision on an erroneous view of the law or clearly erroneous factual findings.")  Neither of these grounds is present here.  Notwithstanding Cadlerock counsel's claim that he relied on the Bankruptcy Judge's comments, Mr. Knoles concedes that he filed an objection with a service date of June 26, 2007, which was filed on June 28, 2007.  Mr. Knoles provides no explanation why he failed to check the docket on either of these dates nor why he did not check the docket or his mail for the Judgment on July 5, 2008, when he returned from his vacation.  If he had done so, he would have seen the filed Judgment.

The Bankruptcy Court found that "plaintiff certainly had notice that there was a form of judgment that had been submitted to the Court that either had been entered or was about to be

1   entered." 8/29 Bankr. Hr'g Tr. 5:4-7.   The Judgment was filed on

2   June 22, 2007 and entered on June 26, 2007, it is counsel's

3   responsibility based on the Bankruptcy Judge's statements to be

4   diligent about checking the docket, especially considering the

5   proposed judgment was sent by Becas' counsel on June 20, 2007 and

6   the Bankruptcy Court indicated that it would issue its decision

7   either in writing before the July Calendar or on the July

8   Calendar date.   Mr. Knoles' failure to timely file the notice of

9   appeal was due solely to his failure to follow unambiguous rules,

10  check the docket after the proposed judgment was sent, and his

11  unjustified mistake in not recognizing the Bankruptcy Court's

12  stated intentions of filing either a written decision earlier or

13  entering a judgment on the July Calendar.   No explanation is

14  offered how this is excusable and the Bankruptcy Court did not

15  abuse its discretion in denying his motion to extend the time for

16  appeal.   Cadlerock's counsel has not presented a legally

17  sufficient justification for his misunderstanding of the

18  Bankruptcy Court's statements on the timing of entering the

19  judgment, nor his failure to check the docket or review his mail

20  in a timely manner upon his return from vacation.   Counsel's

21  absence due to vacation is not a legally sufficient justification

22  considering the other *Pioneer* factors.

23

24                          CONCLUSION

25       For the reasons stated above, the Bankruptcy Court's denial

26  of Plaintiff/Appellant's motion to appeal the Aug 31 Order of the

27  Bankruptcy Court denying late-filed appeal is AFFIRMED.   The

28  Court lacks jurisdiction to hear the appeal on the June 22 Order.

                              **12**

1  *See In re Joseph C. Souza*, 795 F.2d 855, 858 (9th Cir. 1986)

2  (stating that district court does not have jurisdiction over a

3  bankruptcy appeal where the notice of appeal was not timely filed

4  under Federal Rule of Bankruptcy Procedure 8002).  The hearing on

5  the appeal of the Bankruptcy Court's June 22 Order, currently set

6  for August 4, 2008 at 10:00 a.m. is vacated.  The case is

7  concluded.  Counsel for Defendant/Appellee Becas shall prepare

8  and lodge a form of order and judgment consistent with this

9  Memorandum Decision within 5 days following the date of service

10  of this Memorandum Decision.

11

12

13  IT IS SO ORDERED.

14  **Dated:    July 8, 2008**              **/s/ Oliver W. Wanger**
                                   UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

13